IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY DAVIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 04-B-2285-S |
| | ) |
| WARDEN GWENDOLYN MOSELY; | ) |
| ATTORNEY GENERAL FOR THE | ) |
| STATE OF ALABAMA, | ) |
| | ) |
| Respondents. | ) |

MEMORANDUM OF OPINION

On January 18, 2005, petitioner filed objections to the December 27, 2004 Magistrate Judge's Findings and Recommendation. Petitioner argues that the "cause" for his habeas petition being barred by the one year statute of limitation is the failure of his counsel to present his case to the Supreme Court of Alabama. The magistrate judge did not find that petitioner had procedurally defaulted his federal claim by failing to timely present the claim in state court or by failing to properly present his claims in state court. Rather, the magistrate judge found that the petitioner was barred by the one year federal statute of limitation.[1]  While a showing of cause and prejudice may excuse a procedural default, only

---

[1] The court notes that when calculating when petitioner's conviction became final, the magistrate judge actually gave petitioner the benefit of an additional three months. This was apparently due to the state's position and the failure of the state to specifically address whether petitioner filed an application for rehearing on affirmance of his conviction and a petition for writ of certiorari to the Alabama Supreme Court.

Rule 13.1, Supreme Court Rules provides in pertinent part:
   A petition for writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.

Alabama has a provision for discretionary review; however, "[t]he filing of an application for rehearing in the Court of Criminal Appeals is a prerequisite to review by certiorari in the Supreme Court." Rule 39(c)(1), *Alabama Rules of Appellate Procedure*. It appears that petitioner did not file an application for rehearing in the Court of Criminal Appeals and that petitioner would not have been entitled to seek review by a petition for writ of certiorari in the Alabama Supreme Court. It is clear that petitioner did not file a petition for writ of

equitable tolling (and arguably "actual innocence") will excuse the filing of an action after the statute of limitation has run.

As the magistrate judge noted in the Findings and Recommendation, "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Petitioner has alleged no such extraordinary circumstances. Petitioner complains of the ineffective assistance of counsel during the appellate process immediately following his conviction and the denial of "inmate assiste [sic] at Easterling Correctional Facility Law Library etc, on my post-conviction petitions" however, these do not constitute extraordinary circumstances which would excuse PETITIONER'S failure to timely file a FEDERAL habeas petition and thus toll the running of the limitation period. Further, there is no constitutional right to counsel (by a member of the bar or by a inmate assistant) in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

Finally, while petitioner summarily states that he is "actural [sic] innocent of the [crime] charged," he has not stated any facts to support this allegation. In order to establish a claim of actual innocence sufficient to excuse the untimely filing of the habeas petition, petitioner must show "that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense.

---

certiorari in the Alabama Supreme Court; therefore, he was not entitled to certiorari review in the United States Supreme Court and should not have been given the benefit of 90 days to file a certiorari petition.

Whether petitioner filed a petition for writ of certiorari in the Alabama Supreme Court and/or the United States Supreme Court is relevant here not for procedural default purposes but for purposes of determining when petitioner's conviction became final and the one year federal statute of limitations began to run. Based on petitioner's failure to seek discretionary review in state court, his conviction became final at the latest on February 28, 2000 when the Alabama Court of Criminal Appeals issued the certificate of final judgment. Petitioner then had until March 1, 2001 in which to file his federal habeas petition or toll the limitation period by filing a Rule 32 petition in state court. Petitioner's October 29, 2001 Rule 32 petition was filed almost eight months after the running of the federal limitation period.

*Schlup v. Delo*, 513 U.S. 298, 327 (1995). "To be credible, [ ] a claim [of actual innocence] requires a petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory, scientific evidence, trustworthy eye witness accounts or critical physical evidence–that was not presented at trial." Because petitioner has not supported his allegation of actual innocence with any new reliable evidence that was not previously presented at trial, petitioner has failed to satisfy the *Schlup* standard.

Based on the foregoing, petitioner's objections are due to be overruled. A separate final judgment consistent with this memorandum opinion will be entered simultaneously herewith.

**DONE** this 11th day of February, 2005.

*Sharon Lovelace Blackburn*
---
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE